UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DRYWALL TAPERS AND PAINTERS OF GREATER NEW YORK LOCAL UNION 1974, AFFILIATED WITH INTERNATIONAL UNION OF ALLIED PAINTERS AND ALLIED TRADES, AFL-CIO,<br>Petitioner,<br>v.<br>MAGNITUDE DRYWALL TAPING,<br>Respondent. | 25 Civ. 9945 (DEH)<br>**MEMORANDUM OPINION AND ORDER** |

DALE E. HO, United States District Judge:

Before the Court is a Petition to confirm an arbitration award. Petitioner is Drywall Tapers and Painters of Greater New York Local Union 1974, Affiliated with International Union of Allied Painters and Allied Trades, AFL-CIO (the "Union" or "Petitioner"). Respondent is Magnitude Drywall Taping ("Magnitude" or "Respondent"). Petition to Confirm Arbitration Award ("Pet.") ¶¶ 1-3, ECF No. 1. Magnitude has not timely opposed to the Petition, and has not appeared in this action. Treating the Petition as unopposed, the Court concludes that there was no error in the underlying arbitration. Therefore, the Petition is **GRANTED**, and Petitioner is awarded fees and costs as described herein.

## BACKGROUND

Magnitude is a New York business entity that maintains its last known principal place of business at 363 Dumont Avenue, Apt. 1C, Brooklyn, New York 11212. Pet. ¶ 3. At all relevant times, Respondent and the Union were parties to a Collective Bargaining Agreement ("CBA"). Decl. of Lauren Kugielska in Supp. of Pet. ("Kugielska Decl.") Ex. B, ECF No. 2-2; *see also* Pet. ¶ 4. Under the CBA, Respondent was required to register a job and hire Union labor for specific

positions. Pet. ¶ 6; CBA at Arts. I, X, XIII § 6, Violation 2. The CBA also provides that all disputes shall be submitted to a final, binding decision of the Joint Trade Board. Pet. ¶ 5; CBA at Art. XIV.

On June 12, 2025, it was discovered that a non-Union laborer was performing work for Respondent on a job that had not been registered with the Union. Kugielska Decl. Ex. A ("Award") at 3, ECF No. 2-1. Pursuant to the CBA, the Union filed a Demand for Arbitration with the Union's Joint Trade Board and served the demand on Respondent. Pet. ¶ 7; CBA at Art. XIV; Kugielska Decl. Ex. C, ECF No. 2-3. On July 8, 2025, a hearing was held before the Joint Trade Board, and on July 29, 2025, the Board rendered an Award in the Union's favor. Pet. ¶ 8; Award. The Award found that Respondent violated the CBA by failing to register a job and hiring non-Union labor. Pet. ¶ 9; Award. As a remedy, the Award assessed a total of $33,500 in fines against Magnitude, reflecting $19,500 in fines previously held in abeyance; a $4,000 assessment for failure to register a job; and a $10,000 assessment for hiring a non-Union worker. Pet. ¶ 11; Award.

On July 29, 2025, the Award was served on Respondent, and on August 7, 2025, after Respondent failed to comply with the Award, Respondent was served a demand letter. Pet. ¶¶ 12-13; Kugielska Decl. Ex. E, ECF No. 2-5. To date, Respondent has failed to comply with the Award, which has not been vacated, modified, or corrected. Pet. ¶¶ 14, 17. Petitioner now asks the Court to confirm the arbitration Award and have judgment entered against Respondent in the amount of $33,500. Pet. at 4.

By Order dated December 3, 2025, the Court ordered Magnitude to respond to the Petition by January 28, 2026. ECF No. 5. As a courtesy, on February 3, 2026, the Court *sua sponte* extended the deadline for Magnitude's response to February 13, 2026. ECF No. 14. To date, no response has been filed and Magnitude has not made an appearance in this action.

## LEGAL STANDARD

Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, "provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Trs. of New York City Dist. Council of Carpenters Pension Fund v. Hera Sports Surfaces LLC*, No. 23 Civ. 10800, 2025 WL 1326998, at *2 (S.D.N.Y. May 7, 2025).[1] The scope of a court's review of a final arbitration award under the LMRA is "severely limited so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *United Bhd. of Carpenters & Joiners of Am. v. Tappan Zee Constructors, LLC*, 804 F.3d 270, 274-75 (2d Cir. 2015). There is a strong federal policy in favor of enforcing arbitration awards in labor disputes, and judicial review of arbitration awards in labor contexts is "among the most deferential in the law." *Trs. of New York City Dist. Council of Carpenters Pension Fund v. Megrant Corp.,* No. 21 Civ. 1336, 2026 WL 252510, at *3 (S.D.N.Y. Jan. 30, 2026). An arbitration award in a labor dispute is enforceable as long as it "draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." *Hera Sports Surfaces LLC*, 2025 WL 1326998, at *2. A reviewing court must confirm an arbitration award as long as the arbitrator "is even arguably construing or applying the contract and acting within the scope of his authority," barring circumstances such as fraud or where the arbitration decision violates public policy. *Id.* In other words, an award must be confirmed if there is even a "barely colorable justification" for the outcome. *Trs. of New York City Dist. Council of Carpenters Pension Fund v. Rici Corp.*, No. 25 Civ. 7769, 2026 WL 1536853, at *2 (S.D.N.Y. June 1, 2026).

---

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

As is the case here, when a petition to confirm an arbitration award is unanswered, district courts generally treat petitions as unopposed motions for summary judgement. *See Hera Sports Surfaces LLC*, 2025 WL 1326998, at *2; *see Rici Corp.* 2026 WL 1536853, at *2. Confirmation is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court," and that court "must grant the award unless [it] is vacated, modified, or corrected." *See Rici Corp.* 2026 WL 1536853, at *2 (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006)). While default judgments in confirmation or vacatur proceedings are "generally inappropriate," "the showing required to avoid confirmation is very high." *D.H. Blair*, 462 F.3d. at 109-10.

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. Mar. of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (citing *Celotex*, 477 U.S. at 322-23).

**DISCUSSION**

Applying the deferential standard set forth above, the Court concludes that the Award should be confirmed. The record establishes that the Respondent was bound by the CBA, which provided for the arbitration of disputes between parties. Pet. ¶ 7. The dispute submitted to arbitration fell clearly within the scope of the CBA: Magnitude failed to register a job and hired

non-Union labor in violation of Arts. I, X, and XIII § 6, Violation 2 of the CBA. Pet. ¶ 6. The Joint Trade Board determined that Magnitude had indeed violated the CBA, and calculated fines in accordance with the terms and provisions of the CBA. Pet. ¶¶ 9, 16.

Because Respondent has not appeared, the Court treats the Petition as an unopposed motion for summary judgment and asks only whether the undisputed facts entitle Petitioner to judgment as a matter of law. *Hera Sports Surfaces LLC*, 2025 WL 1326998, at *2; *see Rici Corp.*, 2026 WL 1536853, at *2. Based on the facts set forth above, the Court can identify no basis to disturb the Award, much less the "very high" showing required to avoid confirmation. *D.H. Blair & Co.*, 462 F.3d. at 110. For example, there is no reason to question the validity of the Award, as it has not been vacated, modified, or corrected. Pet. ¶ 17. Nor is there evidence that the Joint Trade Board was acting outside the scope of its authority. *See Hera Sports Surfaces LLC*, 2025 WL 1326998, at *2. Nothing in the substance of the Award suggests that the Joint Trade Board dispensed its "own brand of industrial justice" rather than enforcing the parties' agreement. *Id.* To the contrary, the Award rests on the undisputed evidence presented at the hearing and is grounded in the CBA. There is, accordingly, far more than the "barely colorable justification" required to sustain it. *Rici Corp.*, 2026 WL 1536853, at *2.

The Petition is therefore granted, and the Award is confirmed in all respects.

## CONCLUSION

For the foregoing reasons, the Petition is **GRANTED** and Petitioner is awarded judgment in the amount of $33,500. Petitioner is directed to file a proposed judgment within seven (7) days of the filing of this Opinion.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: October 2, 2026

New York, New York

DALE E. HO
United States District Judge